IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and CHARLES A. WHOBREY, as Trustee,<br><br>      *Plaintiffs*,<br>  v.<br><br>GATEWAY BUICK GMC, INC., a Delaware corporation, and AUTOMOTIVE INVESTMENTS LLC, a Missouri limited liability company,<br><br>      *Defendants*. | Case No. 20-cv-4322<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This is an action to collect (a) employer contributions, interest, and statutory damages owed by Defendant Gateway Buick GMC, Inc. ("Gateway") in accordance with an applicable collective bargaining agreement, a participation agreement, and a trust agreement, and (b) withdrawal liability, interest, and statutory damages owed jointly and severally by Defendants as a result of Gateway's withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001–1461. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1), 1132(f), and 1451(c) and under 28 U.S.C. § 1331.

3. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement, which designates this district as the proper forum for suits to collect unpaid contributions and withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3), with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), Mr. Whobrey is authorized to bring this action in his capacity as a trustee and fiduciary on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting unpaid contributions and withdrawal liability.

7. Defendant Gateway, formerly known as Ken Behlmann Automotive Services, Inc., is a corporation organized under the laws of the State of Delaware.

8. Defendant Automotive Investments LLC ("Automotive") is a limited liability company organized under the laws of the State of Missouri. Upon information and belief based on publicly available records, Automotive is owned by Donald M. Davis, a Missouri resident, and Michael Shanahan Jr., a Missouri resident.

## BACKGROUND INFORMATION

9. Local Union No. 618 of the IBT ("Local 618") is a labor organization that represents, for the purpose of collective bargaining, certain employees of Gateway and employees of other employers in industries affecting interstate commerce.

10. During all relevant times, Gateway and Local 618 were parties to collective bargaining agreements pursuant to which Gateway was required to make contributions to the Pension Fund on behalf of certain of its covered employees.

11. Gateway and Local 618 were also parties to a participation agreement (the "Participation Agreement") that required Gateway to make contributions to the Pension Fund.

12. Gateway agreed to be bound by the terms of the Pension Fund Trust Agreement ("Trust Agreement") and all rules and regulations promulgated by the Trustees under that Trust Agreement.

13. The first paragraph of Article III, Section 1 of the Trust Agreement provides, in part, as follows:

> Each Employer shall remit continuing and prompt Employer Contributions to the Trust Fund as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund as established and interpreted by the Trustees in accordance with their authority . . . .

14. Article XIV, Section 4 of the Trust Agreement provides, in part, as follows:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). The prejudgment interest payable by an employer with respect to past due withdrawal liability shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually. The interest rate after entry of a judgment against an employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, and such interest shall be compounded annually.

## **STATUTORY AUTHORITY**

15. ERISA § 515, 29 U.S.C. § 1145, provides as follows:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of—

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

### COUNT I – UNPAID PENSION FUND CONTRIBUTIONS (JANUARY 2018 THROUGH APRIL 2018) AND OTHER UNPAID AMOUNTS AGAINST DEFENDANT GATEWAY

17. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. This Count is brought by all Plaintiffs against Defendant Gateway.

19. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

20. Gateway reported the work history of its covered employees to the Pension Fund for the period of December 31, 2017, through April 28, 2018.

21. Based upon the employee work history reported to the Pension Fund by Gateway, Gateway has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund for the period of December 31, 2017, through April 28, 2018.

22. Despite demands that Gateway perform its statutory and contractual obligations to make contributions to the Pension Fund, Gateway has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 21.

23. Gateway owes the Pension Fund $55,201.50 for unpaid contributions (not including interest) for the period of December 31, 2017, through April 28, 2018, as a result of the conduct set forth in paragraph 21.

24. Additionally, Gateway has not paid accrued interest for contributions for the period of October 29, 2017, through December 30, 2017, which Gateway remitted on an untimely basis. Gateway has thus breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement, and the Trust Agreement by failing to pay all accrued interest owed on contributions remitted for the period of October 29, 2017, through December 30, 2017.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant Gateway, and in favor of Plaintiffs, pursuant to 29 U.S.C. § 1132(g)(2) for:

    (i) the unpaid contributions owed to the Pension Fund;

   (ii) interest on the unpaid and untimely contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; or (b) an annualized interest rate of 7.5%;

   (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

   (iv) attorneys' fees and costs.

 (b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

 (c) Such further or different relief as this Court may deem proper and just.

### COUNT II – WITHDRAWAL LIABILITY OWED TO THE PENSION FUND AGAINST ALL DEFENDANTS

 25. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

 26. This Count is brought by all Plaintiffs against all Defendants.

 27. On or about April 29, 2018, Donald M. Davis and Michael Shanahan Jr. collectively owned at least 80 percent of the membership interest of Automotive and/or at least 80 percent of the profits interest or capital interest of Automotive.

28. On or about April 29, 2018, Automotive owned at least 80 percent of the total combined voting power of all classes of stock entitled to vote of Gateway and/or at least 80 percent of the total value of shares of all classes of stock of Gateway.

29. On or about April 29, 2018, Gateway and Automotive were members of a group of trades or businesses under common control (the "Gateway Controlled Group") and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

30. The Gateway Controlled Group is the "employer" for purposes of determining and assessing withdrawal liability under ERISA.

31. The Pension Fund determined that on or about April 29, 2018, Gateway permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

32. As a result of this complete withdrawal, the Pension Fund determined that the Gateway Controlled Group incurred joint and several withdrawal liability owed to the Pension Fund in the principal amount of $8,189,463.80, as determined under 29 U.S.C. § 1381(b).

33. On or about March 28, 2020, the Gateway Controlled Group—through Donald M. Davis, one of Automotive's and Gateway's owners, and also through Gateway's bankruptcy attorney—received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). In that notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by April 1, 2020, pursuant to 29 U.S.C. § 1399(c)(5)(B), and Appendix E, section 5(e)(2) of the Pension Fund's Pension Plan because the Pension Fund believed there was a substantial likelihood that the

Gateway Controlled Group would not be able to pay its withdrawal liability as a result of Gateway's cessation of operations.

34. The Gateway Controlled Group did not timely request review of the withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A) and did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1).

35. The Gateway Controlled Group has failed to make the withdrawal liability payment to the Pension Fund.

36. Each of the Defendants, as members of the Gateway Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, jointly and severally, and in favor of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b) for:

    (i) $8,189,463.80 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

    (c)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Frank T. Blechschmidt*
Frank T. Blechschmidt (#6308606)
Central States Law Department
8647 W. Higgins Road
Chicago, Illinois 60631-2803
Telephone: (847) 777-4088
Fax: (847) 518-9797
Email: fblechsc@centralstatesfunds.org

July 23, 2020

*Attorneys for Plaintiffs*